United States District Court
Southern District of Texas
**ENTERED**
February 14, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACY GRAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00011 |
| | § | |
| COX, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Tracy Gray is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated.  His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated below, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Western District of Texas.[1]

---

[1]Rule 4 of the Rules Governing § 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* (quoting 28 U.S.C. § 2254 Rule 4).  This power of the district court "is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Id.* (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).  The Rules Governing Section 2254 Cases in the United States District Courts instruct that the district court may apply any or all of those rules to a habeas corpus petition not covered by Rule 1(a).  28 U.S.C. § 2254 Rule 1(b).  Such petitions include those filed under § 2241.

## I.     JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241 as Petitioner is incarcerated at FCI Three Rivers, which is located within the Southern District of Texas, Corpus Christi Division. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

## II.    BACKGROUND

On January 13, 2020, Petitioner, after pleading guilty, was sentenced to 120 months incarceration for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *U.S. v. Tracy Gray*, No. 7:19-CR-137(1)DC (W.D. Tex. Jan. 15, 2020) (Judgment).  Petitioner did not file a notice of appeal.  Over one year later, on May 11, 2021, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 asserting (1) he pleaded guilty without full knowledge of the consequences of his plea and therefore, it was involuntary, as he was not informed of any sentencing enhancements prior to his pleading guilty; and (2) he was denied effective assistance of counsel because his counsel failed to properly challenge and explain the enhancement Petitioner faced at sentencing. *Id*. (W.D. Tex. May 11, 2021) (Motion to Vacate).  Petitioner's § 2255 Petition was denied on October 12, 2021 as barred by the statute of limitations.  *Id.*  (W.D. Tex. Oct. 12, 2021) (Order denying § 2255 Motion finding it should have been filed on or before January 29, 2021). The sentencing court specifically determined Petitioner had provided no grounds for equitable tolling and that Petitioner should be denied a certificate of appealability. *Id*. Petitioner appealed this Judgment and the Fifth Circuit upheld the district court's decision, declining to issue a certificate of appealability. *United States v. Tracy Gray*, No. 21-51070 (5th Cir. Apr. 28, 2022) (Order).

## III.    PETITIONER'S CLAIMS

On January 11, 2023, Petitioner filed this petition on a § 2241 form, asserting he is challenging the validity of his conviction or sentence as imposed. (D.E. 1, Page 2).  He acknowledges he has not sought permission to file a second or successive § 2255 motion from any United States Court of Appeals. (D.E. 1, Page 4).  Petitioner argues that remedy under 28 U.S.C § 2255 is inadequate or ineffective to challenge his conviction or sentence because he is actually innocent.  (D.E. 1, Page 4). More specifically, Petitioner asserts he has been "convicted of a non-existing offense," because he did not know that he was prohibited from possessing a firearm based upon his prior conviction, citing to the Supreme Court's 2019 decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (D.E. 1, Pages 9-11).  He further cites to the Supreme Court's 2022 decision in *New York State Rifle and Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), arguing his conduct was protected by the Second Amendment.  (D.E. 1, Pages 12-16). Petitioner requests this Court vacate his sentence and order him to be immediately released. (D.E. 1, Page 7).

## IV.    PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (Claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 F. App'x. 446, 446 (5th Cir. 2014).  A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claim challenges the validity of his federal sentence.  Because Petitioner's complaints relate to the merits of his conviction and sentence, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255.  Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted

of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion.  Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

Petitioner claims he cannot obtain relief by filing a § 2255 motion because while his "claims demonstrate my actual innocence," they "were previously foreclosed/defaulted during the § 2255 proceeding."  (D.E. 1, Page 4)  However, "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878 (emphasis in original and citations omitted); *Cabello v. United States*, No. 21-51066, 2022 WL 2713229, at *1 (5th Cir. July 13, 2022) ("The mere fact that [Petitioner's] prior § 2255 motion was unsuccessful does not suffice.")  For the reasons discussed below, Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Instead, it is clear Petitioner "is simply attempting to circumvent the limitations on filing successive § 2255 motions." *Id.*

18 U.S.C. § 922(g) provides that it is unlawful for convicted felons, among others, to possess firearms.  Section 924(a)(2) adds that anyone who "knowingly violates" 922(g) shall be fined or imprisoned for up to 10 years. 18 U.S.C. § 924(a)(2).  In *Rehaif*, the defendant challenged his conviction under § 924(a)(2), asserting he did not know he was an illegal alien due to a terminated student visa at the time he shot a firearm at a firing range. 139 S. Ct. at 2194. Here, Petitioner relies on the *Rehaif* decision to argue he may have been convicted of a nonexistent offense and that he may proceed under the savings clause because *Rehaif* announced a new rule of statutory law that applies retroactively.  However, contrary to Petitioner's

assertions, "the Supreme Court did not announce a new rule made retroactive in *Rehaif*; rather, *Rehaif* merely interpreted the statute, § 922(g), to require the government to show that the defendant knew he possessed a firearm and that he had the relevant status when he possessed it." *United States v. Saenz*, No. 6:19-cv-77, 2020 WL 1321600, at *2 (S.D. Tex. Mar. 16, 2020) (citations omitted). Further, *"Rehaif* merely held that a defendant must be aware of his relevant status, not that his status made it illegal for him to possess" a firearm under § 922(g). *Id.*

Additionally, even if it did apply retroactively, *Rehaif* does not decriminalize the conduct for which Petitioner was convicted. *Williams v. Underwood*, No. 3:19-cv-2043-M, 2020 WL 1866895, * 2 (N.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 1862576 (N.D. Ex. Apr. 14, 2020) ("Nor does *Rehaif* establish that [Petitioner] may have been convicted of a nonexistent offense. Instead, it addresses the government's burden of proof.") While Petitioner conclusory asserts he "did not know that he was prohibited from possessing a firearm based upon his prior conviction," he does not argue that he did not know he was a convicted felon, which is all *Rehaif* requires. (D.E. 1, Page 9); *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif*.") "[A] mistake concerning a defendant's knowledge that the law prohibits convicted felons from possessing firearms does not negate any element of the offense." *United States v. Trevino*, 989 F.3d 402, 405 (5th Cir. 2021). Further, under the facts of the case as set forth by the sentencing court, there is video evidence of Petitioner brandishing the firearm while threatening to kill his ex-girlfriend and then he later directed the police to its location under the driver's seat of his car after he was arrested, admitting

he received it from a friend. *U.S. v. Tracy Gray*, No. 7:10-CR-137(1)DC (W.D. Tex. Oct. 12, 2021) (Order denying § 2255 Motion). Accordingly, Petitioner was aware he possessed a firearm. *Trevino*, 989 F.3d at 405 (The Government must prove the defendant knew that he possessed a firearm and that he knew he was a convicted felon when he possessed the firearm, not that the defendant knew the law prohibited felons from possessing firearms). Additionally, Petitioner pleaded guilty in 2020, brought his § 2255 motion in 2021 and does not address why he failed to raise this argument, stemming from a 2019 decision, either on direct appeal or in his § 2255 motion.

In short, the undersigned recommends Petitioner may not challenge his conviction or sentence under § 2241 because this claim does not meet the requirements discussed above.

Petitioner further contends his conviction is invalid in light of the decision in *Bruen* where the Supreme Court held "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S. Ct. at 2126 and 2129-30. The Court explained the government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" to survive a challenge to its constitutionality. *Id*. at 2127. Determining New York's policy of issuing public-carry handgun licenses "only when an applicant demonstrates a special need for self-defense" violated the Second Amendment, the Supreme Court expanded on its earlier holding in *Heller*[2] that the Second Amendment "protect[s] the right of an ordinary, law-abiding

---

[2] The Supreme Court held in *Heller* that the "Second Amendment right is not unlimited" and "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…" *Dist. of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008).

citizen to possess a handgun in the home for self-defense," finding the Second Amendment also "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* at 2122-23 (other citation omitted).

Petitioner argues the *Bruen* decision "invalidated [his] 18 U.S.C. § 922(g) conviction because [his] conduct was protected by the Second Amendment" and it is applied retroactively. (D.E. 1, Pages 12 and 15).   However, "[t]he Fifth Circuit has consistently upheld the constitutionality of 18 U.S.C. § 922(g)(1)" determining "'that criminal prohibitions on felons (violent or nonviolent) possessing firearms' did not violate the Second Amendment." *Shipley v. Hijar*, No. EP-23-CV-11-KC, 2023 WL 353994, at *3 (W.D. Tex. Jan. 20, 2023) ("[L]egislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment.") (citations omitted).   The Fifth Circuit further considered the *Heller* decision and determined it provided no basis for reconsidering its previous decision that § 922(g) did not violate the Second Amendment. *Id.*   Therefore, "because the Court is bound by those precedents…it must leave it to the Fifth Circuit to decide whether its decisions survive *Bruen*. *Id.* at *4 ("Consequently, [as this Court may not determine whether or how *Bruen* has changed Fifth Circuit precedents interpreting § 922], the Court finds [Petitioner] cannot meet his burden of showing that a retroactively applicable Supreme Court decision establishes he may have been convicted of a nonexistent offense) (citations omitted).

Therefore, the undersigned again recommends Petitioner may not challenge his conviction or sentence under § 2241 because this claim does not meet the requirements discussed above.

## V.     RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Western District of Texas. It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255. Petitioner has previously filed a § 2255 motion in the correct jurisdiction and, for the reasons discussed above, his claims have no merit.

Respectfully submitted on February 14, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).